Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Stacey Antu**, an Arizona resident; | **Case No.** |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **J & I Diversified, LLC**, an Arizona company; **Pool Leak Professionals, LLC**, an Arizona company; **Ida Starling,** an Arizona resident; and **Joseph Hoskinson,** an Arizona resident; | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Stacey Antu ("**Plaintiff**"), for her Verified Complaint against Defendants J & I Diversified, LLC ("**J & I**"); Pool Leak Professionals, LLC ("**Pool Leak**"); Ida Starling; and Joseph Hoskinson (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or

double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Stacey Antu resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Stacey Antu was a full-time employee of Defendants from on or around January 24, 2022, until on or around February 17, 2023 ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Stacey Antu was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Stacey Antu was a non-exempt employee.

10. Defendant J & I is a company authorized to do business in Arizona.

11. Defendant J & I was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Pool Leak is a company authorized to do business in Arizona.

13. Defendant Pool Leak was Plaintiff's employer as defined by 29 U.S.C. §

203(d).

14. Defendant Ida Starling is an Arizona resident.

15. Defendant Ida Starling has directly caused events to take place giving rise to this action.

16. At all relevant times, Defendant Ida Starling was an owner of J & I.

17. At all relevant times, Defendant Ida Starling was an employer of J & I.

18. At all relevant times, Defendant Ida Starling was a member of J & I.

19. At all relevant times, Defendant Ida Starling was an owner of Pool Leak.

20. At all relevant times, Defendant Ida Starling was an employer of Pool Leak.

21. At all relevant times, Defendant Ida Starling was a member of Pool Leak.

22. Defendant Ida Starling has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Ida Starling had the authority to hire and fire employees.

24. Defendant Ida Starling had the authority to hire and fire Plaintiff.

25. On or around January 24, 2022, Defendant Ida Starling interviewed and hired Plaintiff.

26. Defendant Ida Starling supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

27. Defendant Ida Starling would send items to Plaintiff to include on invoices.

28. Defendant Ida Starling determined the rate and method of Plaintiff's payment of wages.

29. In an email dated January 23, 2022, Defendant Ida Starling stated Plaintiff would be paid $600 a week plus 1% of every paid repair invoice.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: f47e1d46b8598da642a892f1819df9f61aef17d2

30. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ida Starling is subject to individual and personal liability under the FLSA.

31. Defendant Joseph Hoskinson is an Arizona resident.

32. Defendant Joseph Hoskinson has directly caused events to take place giving rise to this action.

33. At all relevant times, Defendant Joseph Hoskinson was an owner of J & I.

34. At all relevant times, Defendant Joseph Hoskinson was an employer of J & I.

35. At all relevant times, Defendant Joseph Hoskinson was a member of J & I.

36. At all relevant times, Defendant Joseph Hoskinson was an owner of Pool Leak.

37. At all relevant times, Defendant Joseph Hoskinson was an employer of Pool Leak.

38. At all relevant times, Defendant Joseph Hoskinson was a manager of Pool Leak.

39. Defendant Joseph Hoskinson has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

40. Defendant Joseph Hoskinson had the authority to hire and fire employees.

41. Defendant Joseph Hoskinson had the authority to hire and fire Plaintiff.

42. On or around January 24, 2022, Defendant Joseph Hoskinson interviewed and hired Plaintiff.

43. Defendant Joseph Hoskinson supervised and controlled Plaintiff's work

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

schedules or the conditions of Plaintiff's employment.

44. Defendant Joseph Hoskinson would assign new tasks to Plaintiff to add to her workload.

45. Defendant Joseph Hoskinson determined the rate and method of Plaintiff's payment of wages.

46. When Plaintiff had a question about her late paycheck and payroll being submitted, Defendant Joseph Hoskinson stated, "We put it in, but it was after the deadline. So, not sure. We do not have phone service. Haven't received an email tho."

47. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Joseph Hoskinson and Defendant Ida Starling were legally married.

48. Defendant Joseph Hoskinson and Defendant Ida Starling have caused events to take place giving rise to this action as to which their marital community is fully liable.

49. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

50. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

51. Defendants, and each of them, are sued in both their individual and corporate capacities.

52. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

53. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in

2022.

54. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000 in 2023.

55. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

56. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

57. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

58. Plaintiff used text messages, telephone, and emails to communicate with Defendants.

59. Plaintiff is a covered employee under individual coverage.

60. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

61. The entity Defendants are a pool and spa leak repair companies.

62. On or around January 24, 2022, Plaintiff Stacey Antu commenced employment with Defendants as an office worker.

63. Plaintiff's primary job duties include answering phones, text messages, and emails, preparing estimates and invoices, collecting payments, organizing files, and calculating employee pay.

64. Plaintiff was to be paid $600 per week plus 1% of every paid repair invoice.

65. Plaintiff Stacey Antu routinely worked in excess of 40 hours per week.

66. Defendants did not have Plaintiff clock in or out.

67. Plaintiff's hours were not tracked and she was told because she was a salaried position, she was expected to work until her tasks were completed.

68. Plaintiff estimates that she worked around 55 to 70 hours a week.

69. Plaintiff was only paid $600 per week, no matter how many hours she worked.

70. Plaintiff Stacey Antu was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

71. For example, during the workweek of October 23, 2022, Plaintiff worked approximately 55.6 hours which she has documented, but this is not including additional hours.

72. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all her overtime hours.

73. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

74. Defendants required Plaintiff to work overtime as a condition of her employment.

75. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

76. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

77. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. §

516.4.

78. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

79. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

80. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

81. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

82. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

83. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

84. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

85. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

86. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

87. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

88. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

89. Defendants have not made a good faith effort to comply with the FLSA.

90. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 28, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

Doc ID: f47e1d46b8598da642a892f1819df9f61aef17d2

## **VERIFICATION**

Plaintiff Stacey Antu declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Stacey Antu